IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                          22-CR-1322-JCH

ADAM ROBERT MANN,

        Defendant.

### UNOPPOSED MOTION TO CONTINUE TRIAL AND EXTEND PRETRIAL DEADLINES

**COME NOW** Defendant Adam Robert Mann, by and through his legal counsel, Nicole W. Moss, and hereby respectfully submits this Unopposed Motion to Continue Trial and Extend Pretrial Deadlines. Trial is currently set to begin in this case on April 17, 2023. Mr. Mann respectfully requests a continuance to complete several tasks that are vital to his defense. Specifically, Mr. Mann requests an additional ninety (90) days from the current setting to allow his counsel time to review the evidence, to conduct any necessary investigation, to draft and file any necessary motions, to engage in plea discussions with the Government, and if necessary to prepare for trial. Ninety (90) days is the minimum amount of time that is required to complete the aforementioned tasks and set this matter for a change of plea hearing, if a resolution is reached, or to prepare for trial if a resolution cannot be reached. In further support of the motion, the Defendant states as follows:

  1. The indictment alleges two counts of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and 924. [Doc. 15]

2. Mr. Mann pleaded not guilty and was arraigned on August 18, 2022. [Doc. 17] Mr. Mann has remained in the custody of the United States Marshalls since his arrest. [Doc. 13]

3. Trial in this matter was initially scheduled on the Court's trailing docket beginning October 17, 2022. [Doc. 19]

4. Initially, Mr. Mann was represented by Emily Carey with the Federal Public Defender's office.

5. On September 14, 2022, Ms. Carey filed an Unopposed Motion to Continue Trial and Extend Time To File Pretrial Motions [Doc. 21] seeking a continue of ninety (90) days.

6. The Court granted Defendant's motion and rescheduled this matter for trial on the January 23, 2023 docket. [Doc. 22]

7. In November of 2022 Ms. Carey filed a Motion to Determine Counsel [Doc. 23] and a hearing was conducted on November 16, 2022 at which time it was determined that Ms. Carey could continue to represent Mr. Mann. [Doc. 26]

8. On December 29, 2022 a second Unopposed Motion to Continue Trial and Extend Time to File Pretrial Motions [Doc. 27] was filed by Ms. Carey, seeking ninety (90) days to complete her review of the discovery, advise Mr. Mann and file any necessary motions. The Cout granted this motion on the same day, and reset trial in this matter on the April 17, 2023 docket. [Doc. 28]

9. On January 17, 2023 Ms. Carey filed a second Motion to Determine Counsel, seeking an Order allowing her to withdraw from representation of Mr. Mann and to appoint new counsel in this case. [Doc. 29]

10. The Court granted the motion later that same date and order that new counsel be appointed to represent Mr. Mann. [Doc. 30]

11. Undersigned counsel was appointed to assume representation of Mr. Mann on January 18, 2023. [Doc. 31]

12. In the two months that Ms. Moss has represented Mr. Mann she has received discovery from the government, has met with Mr. Mann, and has begun her investigation into this matter.

13. This matter is currently scheduled to commence trial on the Court's trailing docket beginning April 17, 2023. [Doc. 28]

14. Undersigned counsel needs additional time to complete her investigation into the allegations and into any potential defenses that may be available to Mr. Mann. Defense counsel needs additional time to complete her review of the discovery and determine what, if any, substantive motions need to be filed. Further, counsel would like to engage in additional plea discussions with the government in an attempt to resolve this matter without the need for a trial. Should those plea discussions fail, counsel will need additional time to prepare for trial in this matter.

15. Mr. Mann requests a continuance of the trial of no less than ninety (90) days from the current setting. Counsel believes that length of time to be the minimum that will be sufficient to allow defense counsel time to complete the aforementioned tasks.

16. Mr. Mann's right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Mr. Mann will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized, implicit in this right to counsel is the notion of adequate time for counsel to prepare the

defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment." *United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

17. Mr. Mann agrees with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Mr. Mann and will permit him additional time to complete the necessary investigative tasks and if necessary, prepare and file pretrial motions, and to prepare for trial. Counsel has discussed with Mr. Mann his rights under the Speedy Trial Act and Mr. Mann understands the need for a continuance and respectfully requests that the court continue his trial for the ninety days requested by counsel.

18. Undersigned counsel affirmatively states that under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). A continuance of the deadlines and jury trial in this matter will provide the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially

benefit Mr. Mann by providing him access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket. The parties therefore request that the trial be continued by at least 90 days and that all deadlines associated with the trial, as well as the substantive motions deadline be extended by 90 days as well.

19. Assistant United States Attorney Paul Mysliwiec concurs with the relief sought in this motion.

WHEREFORE, Defendant Adam Robert Mann respectfully requests that this Court continue trial, and extend all deadlines, including the deadline for substantive motions, for at least ninety (90) days.

Respectfully submitted,

/s/ *Nicole W. Moss*
Nicole W. Moss
514 Marble Ave. NW
Albuquerque, NM 87102
(505) 244-0950

CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was served to opposing counsel via the CM/ECF system on this 21ST day of March 2023.

/s/ *electronically filed*
Nicole W. Moss