IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES,

    Plaintiff,

v.                                                                                                                        No. 22-cr-01322-JCH

ADAM MANN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant Adam Mann moves to dismiss his felon-in-possession charge because he argues that 18 U.S.C. § 922(g)(1) violates his Second Amendment rights. *See Motion to Dismiss* (ECF No. 52). Because Tenth Circuit caselaw foreclosing this argument survives *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), the Court will deny this motion.

**I.    Background**

In 2007, Mr. Mann pled guilty of possession with intent to distribute five grams or more of crack cocaine, violating 21 U.S.C. § 841(a)(1), (b)(1)(B); possessing a firearm while being an unlawful user of or addicted to any controlled substance, violating 18 U.S.C. § 922(g)(3); and carrying a firearm during and in relation to a drug-trafficking crime, violating 18 U.S.C. § 924(c)(1)(A)(i). *See* Compl. ¶ 5 (ECF No. 1); *see also* Plea Agreement ¶ 3, *United States v. Mann*, No. 07-cr-00385-LH (D.N.M. Nov. 1, 2007) (ECF No. 31).

In 2009, Mr. Mann pled guilty to trafficking a controlled substance by possessing cocaine with intent to distribute, violating N.M. Stat. Ann. § 30-31-20(A)(3)(b) (2006). *See* ECF No. 1, ¶ 5; *see also* Guilty Plea, *State v. Mann*, No. D-202-cr-2007-01766 (2d Jud. Dist. Ct. July 6, 2009).

## II. Analysis

18 U.S.C. § 922(g)(1) prohibits anyone "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" from "possess[ing] in or affecting commerce, any firearm or ammunition."

In *District of Columbia v. Heller*, the Supreme Court held that the Second Amendment confers an "individual right to possess and carry weapons in case of confrontation." 554 U.S. 570, 592 (2008). Relevant here, *Heller* cautioned in dicta, "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id.* at 627.

The Tenth Circuit has held that *Heller*'s dictum is binding and that § 922(g)(1) is constitutional. *See United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *accord United States v. Griffith*, 928 F.3d 855, 871 (10th Cir. 2019); *United States v. Molina*, 484 F. App'x 276, 285 (10th Cir. 2012); *see also United States v. Gieswein*, 887 F.3d 1054, 1064 n.6 (10th Cir. 2018) (noting that *McCane* foreclosed constitutional challenges to § 922(g)(1)); *In re United States*, 578 F.3d 1195, 1200 (10th Cir. 2009) (unpublished) (recognizing that Tenth Circuit has foreclosed as-applied challenges to § 922(g)(1)).

In *New York State Rifle & Pistol Ass'n v. Bruen*, the Supreme Court clarified the standard for applying the Second Amendment and reviewing firearm regulations. *See* 142 S. Ct. 2111, 2129 (2022). First, a court should ask whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 2129-30. If so, then "the Constitution presumptively protects that conduct," and "the government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130. The reviewing court will then uphold the regulation only if the government meets its burden. *See id.*

After *Bruen*, the Tenth Circuit's district courts disagreed about whether the Circuit's earlier decisions upholding § 922(g)(1) remained good law. Mr. Mann filed his motion in this context. But after Mr. Mann filed his motion, the Tenth Circuit clarified that its earlier decisions survived *Bruen* and continue to bind its district courts. *See Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023). Thus, under *McCane*, Mr. Mann's challenge to § 922(g)(1) fails. *See* 573 F.3d at 1047.

### III. Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Mr. Mann's *Motion to Dismiss* (**ECF No. 52**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE